The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This is in response to your request for an opinion, on behalf of a member of the Bradley City Council, regarding the conveyance of a piece of property owned by the city to a limited partnership. In your correspondence, you indicate that approximately three acres of land was donated to the City of Bradley pursuant to a general warranty deed dated September 20, 1993. You also indicate that, upon the vote of a majority of the members of the Bradley City Council, this land was subsequently conveyed to a Mississippi limited partnership pursuant to a warranty deed dated October 18, 1993. You state that the warranty deed from the city to the limited partnership does not have a reversion clause, which you feel is required by A.C.A. 14-54-302(b). You further indicate that the ten dollar ($10.00) consideration, as recited in the deed from the city to the limited partnership, has neither been paid by the limited partnership nor received by the city, and that the market value of the property conveyed is greatly in excess of the consideration recited in the deed. Included with your correspondence are copies of the deeds noted above. With regard to these matters, you have asked for an opinion on the following questions:
 1. May a city of the second class donate land to a limited partnership or other entity other than the United States Government or any agency thereof?
 2. Does the warranty deed from the City of Bradley to the limited partnership comply with Arkansas law when no valuable consideration was exchanged? (i.e., the $10.00 recited consideration was not paid)
 3. If the answer to either of the above questions is in the negative, would the deed from the City of Bradley to the limited partnership be void ab initio or merely voidable?
With regard to your first question, this office has concluded in a previous attorney general's opinion that municipal corporations are not authorized by statute to make outright donations of property to the state or to private entities. See Op. Att'y Gen. No. 93-070 (copy enclosed). As stated in that opinion, municipal corporations may, however, sell property of the city to either of these entities for adequate consideration. Such consideration is not required to be in the form of money, and "public advantage" has been held to be an acceptable form of consideration. The question of whether consideration is adequate, whether in the form of money or not, would be a fact question for a court to determine. See Op. Att'y Gen. No. 93-070, p. 5.
With regard to your second and third questions, in which you have, in effect, asked for my opinion as to the validity of the deed from the City of Bradley to the limited partnership, I am unable to offer an answer since making a determination with respect to the validity or invalidity of a document such as a deed is beyond the scope of an attorney general's opinion. Additionally, many of the issues involved in making such a determination would be fact questions for a court to determine.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] While I cannot specifically answer your second and third questions, it is my opinion that Arkansas Code Annotated14-54-302(b), as referenced in your correspondence, is inapplicable in this case. That statute pertains to the authority of municipal corporations to donate property to the federal government and provides that, in certain instances, donation instruments shall contain provisions by which the title to the property will revert to the municipality when the donated property is no longer used by the donee (federal government) for the purposes for which it was donated. Since the facts presented in your request do not fall within the scope of this provision (i.e. no federal donee), it is my opinion that the statute does not apply here.